IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JEFFREY HOUT,<br><br>             Petitioner,<br><br>vs.<br><br>EARL HOUSER, State of Alaska Department of Corrections Superintendent III,<br><br>             Respondent. | No. 4:21-cv-00004-JKS<br><br>ORDER OF DISMISSAL |

On March 15, 2021, Jeffrey Hout, a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition"). Docket No. 1. Hout challenges the 2012 judgment of conviction following a jury trial entered by the Superior Court for the State of Alaska, Case Number 4BE-10-01112CR, because it allegedly violates various protections of the U.S. Constitution. *Id.* After reviewing the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court determined that the majority of the claims raised in the Petition had not been presented properly to the State courts and were therefore unexhausted. Docket No. 4 at 3-4. The Court further explained that, to raise claims before this Court on federal habeas review, a petitioner ***must*** present those claims to the State courts and allow those courts to decide them in the first instance. *Id.* The Court allowed Hout an opportunity to address his failure to fully raise the claims in State courts prior to filing in this Court, and gave him the option of:

1) proceeding solely on his excessive sentence claim, which was fully exhausted in the state courts on direct appeal; or 2) voluntarily dismissing his Petition in its entirety, which would allow him to file a new federal habeas petition after he completed exhaustion in the state courts. *Id.* at 4-5. The Court explained that, if he chose to proceed on the excessive sentence claim and deleted the other claims from his Petition, he would likely lose federal habeas review of those claims. *Id.* at 5.

In response, Hout has expressed a desire to pursue the currently-unexhausted claims raised in Ground 1-4. Docket No. 5. But as this Court previously explained, a state prisoner is required to exhaust all state court remedies, by fairly presenting claims of violation of federal rights before the state courts, before seeking a writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state courts the "initial opportunity to pass upon and correct alleged violations of its prisoners' *federal* rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (emphasis added). This is appropriate, because "state courts, like federal courts, are obliged to enforce federal law." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999).

To exhaust his or her federal claims, a would-be habeas petitioner must finish "one complete round of the State's established appellate review process," up to the highest state court with powers of discretionary review. *Id.* at 845. A federal court must dismiss a federal habeas corpus petition if its claims are unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). This Court has the *sua sponte* authority to examine the question of exhaustion at this stage of review. *Campbell v. Crist*, 647 F.2d 956, 957 (9th Cir. 1981) ("This court may consider whether state remedies have been exhausted even if the state does not raise the issue").

Hout has attached numerous documents from his state court proceedings to his response. Docket Nos. 5-1 through 5-17. In the Court's initial screening Order at Docket No. 4, the Court noted that, shortly before his conviction became final, Hout filed in the Alaska Superior Court a *pro se* petition for post-conviction relief ("PCR") under Alaska Criminal Rule 35.1 dated March

17, 2016.  *See* https://records.courts. alaska.gov/ (*In re Hout v. State*, 3FA-16-01540CI). Counsel was subsequently appointed to represent him, and an amended application was filed on July 15, 2019.  *Id.*  The Court's prior Order erroneously states that the Superior Court dismissed Hout's application for relief for failure to state a claim on October 30, 2020.  Docket No. 4 at 2. A review of the current state court record, however, shows that the Superior Court dismissed only some of Hout's claims in the PCR proceeding on that date, and his PCR proceeding is still pending as to the claims that were not dismissed.  *See* https://records.courts. alaska.gov/ (*In re Hout v. State*, 3FA-16-01540CI).

Hout does not dispute that he has failed to exhaust the claims raised in the instant Petition by fully presenting them to the state courts.  Nor does he demonstrate that a fundamental miscarriage of justice would result if the Court declined to consider his unexhausted Petition, or that he is actually innocent of the crimes for which he was convicted.  Rather, he takes issue with the speed and manner in which his state PCR proceedings are being handled and argues that federal intervention is required.  But to the extent Hout attempts to use the instant Petition to force the Alaska Superior Court to more timely adjudicate his pending post-conviction motion, such request is without merit.  Where, as here, a petitioner seeks to adjudicate in federal court the merits of a speedy trial claim before the state-court proceeding concludes, the federal court may not interfere with the state court proceedings "unless the petitioner [can] show that 'special circumstances' warrant[] federal intervention."  *Shehee v. Baca*, 588 F. App'x 716, 717 (9th Cir. 2014) (quoting *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980)).  No special circumstances warrant such departure here.

Although state remedies may be found to be "ineffective" in cases involving extreme or unusual delay attributable to the state, *Edelbacher v. Calderon*, 160 F.3d 582, 586-87 & n. 5 (9th Cir. 1998); *Phillips v. Vasquez*, 56 F.3d 1030, 1036 (9th Cir.), *cert. denied*, 516 U.S. 1032 (1995), Hout fails to show extreme or unusual delay such that the Alaska PCR proceedings are ineffective.  While the state court record shows that his PCR application has been pending for

-3-

over five years, a review of the case docket does not support that the delay was attributable to the State. In any event, "the delay is not the kind of extreme delay that has caused habeas courts to find state procedures ineffective." *See, e.g.*, *Phillips v. Vasquez*, 56 F.3d 1030, 1036 (9th Cir.1995) (delay of fifteen years with "no end in sight"). A review of the PCR record does not convince the undersigned that the PCR remedy is ineffective, and the pending matter appears to be progressing. There is no reason to believe that it will not, within a reasonable time, result in the review of Hout's claims. Accordingly, the record here does not permit the Court to conclude that Hout is foreclosed from exhausting the claims raised in the Petition and subsequently filing a proper petition for habeas relief in this Court. A dismissal without prejudice here allows him the opportunity to do so.[1]

**IT IS THEREFORE ORDERED:**

1. The Petition is **DISMISSED WITHOUT PREJUDICE.**

2. All pending motions are **DENIED AS MOOT**.

3. The Court declines to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))). Any further request for a Certificate of Appealability must also be addressed to the Ninth Circuit Court of Appeals. *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

---

[1] Mr. Hout is reminded, however, that he should not return to this Court until he has fully exhausted any claims he wishes to raise in this Court by presenting them *first* to the Alaska state courts. Hout should also be mindful of the one-year statute of limitations period under 28 U.S.C. § 2244(d). As the Court explained in its prior Order, Hout's pending PCR application has thus far tolled the limitations period in its entirety. Docket No. 4 at 6. In the event the Superior Court against him in the PCR proceeding, he appeal the denial to the Alaska Supreme Court and petition for hearing in the Alaska Supreme Court, if necessary, without delay to ensure the timeliness of the properly-filed federal habeas petition.

4. The Clerk of Court is respectfully directed to enter final judgment in this case.

Dated at Anchorage, Alaska this 23rd day of April, 2021.

<u>s/James K. Singleton, Jr.</u>  
JAMES K. SINGLETON, JR.  
Senior United States District Judge